IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MORRIS LEVIN AND PHYLLIS LEVIN, | : | |
| | : | CIVIL ACTION |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| DOLLAR TREE STORES, INC. AND | : | |
| FEDERAL REALTY INVESTMENT | : | NO.   06-00605 |
| TRUST, | : | |
| Defendants. | : | |

MEMORANDUM AND ORDER

CHARLES B. SMITH
CHIEF UNITED STATES MAGISTRATE JUDGE

I.     Procedural and Factual Background

Plaintiff, Morris Levin, brought the instant action against defendants, Dollar Tree Stores ("Dollar Tree") and Federal Realty Investment Trust ("FRIT") for injuries he alleges he sustained on February 11, 2004, while attempting to return a shopping cart to the store after shopping at a Dollar Tree Store.  Plaintiff filed a Complaint on February 9, 2006, basing jurisdiction on both diversity and the Americans With Disabilities Act ("ADA"), and appearing to seek monetary damages under both Title III of the ADA and tort theories of negligence and loss of consortium.  He contends that upon leaving the Dollar Tree Store, he placed his purchases in a cart and, after loading them into his car, he attempted to return the shopping cart to the store. Plaintiff alleges that Dollar Tree failed to provide a curb cut or access ramp in proximity to the parking lot in order to return a cart to the store.  According to plaintiff, the curb was seven and three-eighths inches high.  He alleges that he lifted the front wheels of the cart over the curb, and that when he attempted to lift the rear wheels of the cart over the curb, he fell.  As a result, he

claims to have suffered serious and permanent injury. Both defendants Dollar Tree and FRIT filed cross claims against each other seeking contribution and indemnification.

This Court granted a prior Motion for Judgment on the Pleadings filed by Defendant Dollar Tree, Inc. for failure to state a claim under the ADA, in which Dollar Tree asserted that the ADA does not allow for a private cause of action for monetary damages. In response, plaintiff stated that he mistakenly indicated jurisdiction should be based on the ADA. Further, he indicated that his complaint does not assert a private cause of action under the ADA, but rather utilizes the ADA as the standard of care for a negligence *per se* claim. This Court granted the Motion to the extent that plaintiff was precluded from bringing a claim for damages under the ADA, but declined to rule the viability of a claim of negligence *per se* utilizing the ADA.

Currently pending before the Court are Motions for Judgment on the Pleadings filed by both Defendant Dollar Tree Stores, Inc and Defendant Federal Realty Investment Trust, seeking dismissal of the claim of negligence *per se* utilizing the ADA as the standard of care. Having heard oral argument on the motions, the Court now grants the motions to the extent that plaintiff is precluded from bringing any claim for negligence *per se* utilizing the ADA or from "borrowing" the ADA as the standard of care. However, as we find that the plaintiff has alleged a claim of common law negligence, asserting that defendants breached the duty owed to plaintiff as a business invitee, we will not dismiss the Complaint.

A Motion for Judgment on the Pleadings under Federal Rule of Civil Procedure 12(c) ("FRCP") utilizes the same standard as a motion to dismiss under FRCP 12(b)(6). Katzenmoyer v. City of Reading, Pa., 158 F. Supp. 2d 491, 496 (E.D. Pa. 2001). The court must view the facts presented in the light most favorable to the non-moving party. Id. A motion for judgment on the pleadings cannot be granted "unless the movant clearly establishes that no material issue of fact

2

remains to be resolved and that he is entitled to judgment as a matter of law." <u>Kruzits v. Okuma Machine Tool</u>, 40 F.3d 52, 54 (3d Cir. 1994) (quoting <u>Society Hill Civic Assoc. v. Harris</u>, 632 F.2d 1045, 1054 (3d Cir. 1980)).  The Court may grant the motion only if the non-movant can plead no facts that would support his claim for relief.  <u>Constitution Bank v. DiMarco</u>, 815 F. Supp. 154, 157 (E.D. Pa. 1993).

III.     Discussion

Currently pending are Motions for Judgment on the pleadings filed by both defendants, seeking to dismiss a claim of negligence *per se* utilizing the ADA as the standard of care.  In response to the previous Motion for Judgment on the Pleadings, plaintiff indicated an intention to utilize the ADA as the standard of care, *i.e.* negligence *per se*.  In response to the present motion, however, plaintiff has eschewed such a legal theory.[1]  Indeed, plaintiff specifically conceded that "the [ADA] regulations are not sufficiently specific such that a violation should be deemed to rise to a finding of negligence per se."  Plaintiff's Response at p.4.  Instead, he now asserts that he is "simply utilizing the Regulations promulgated pursuant to the ADA to define the requisite standards of care in their negligence claim, as that of a reasonable man and have those standards apply as the appropriate conduct standard that the defendants be held to." Plaintiff's Brief at p. 4 (citing <u>Shamonski v. PG Energy</u>, 579 Pa. 653, 858 A.2d 589 (2004)). Defendants have responded that they find little distinction between a claim of negligence *per se* and the violations of the ADA serving as evidence of the standard of care.  Accordingly, they argue that plaintiff is still asserting a claim of negligence *per se* and have asked that the Court strike and dismiss the Complaint.

---

[1] Specifically, plaintiff stated in his brief, "Let it be clear, plaintiffs are not contending the defendants' violations of the ADA Regulations as the basis for a finding of negligence per se."

The negligence alleged by plaintiff in this case is an alleged breach of the duty owed to a business invitee. The duty owed to a business invitee by the defendants is described in the Restatement (Second) of Torts § 343, which provides:

> A possessor of land is subject to liability for physical harm caused to his invitees by a condition on the land if, but only if, he
>
> (a) knows or by the existence of reasonable care would discover the condition, and should realize that it involves an unreasonable risk of harm to such invitees, and
>
> (b) should expect that they will not discover or realize the danger, or will fail to protect themselves against it, and
>
> (c) fails to exercise reasonable care to protect them against the danger."

Id. This section of the Restatement was adopted by the Pennsylvania Supreme Court in Carrender v. Fitterer, 503 Pa. 178, 469 A.2d 120 (Pa.1983). To establish liability under this standard, "an invitee must prove either the proprietor of the land had a hand in creating the harmful condition, or he had actual or constructive notice of such condition ." Estate of Swift v. Northeastern Hospital of Philadelphia, 456 Pa.Super. 330, 690 A.2d 719, 723 (Pa. Super.1997) (quoting Moultrey v. Great A & P Tea Co., 281 Pa.Super. 525, 422 A.2d 593 (Pa. Super.1980)).

Upon review of plaintiff's complaint, the Court finds that both Counts I (against Dollar Tree Stores) and II (against Federal Realty Investment Trust), in addition to the numerous references to the ADA, set forth claims of common law negligence, alleging a violation of the defendant's duty owed to plaintiff as a business invitee. While most of the examples of alleged breaches of duty in plaintiff's complaint refer to violations of the ADA, plaintiff has also alleged that there was a danger which defendants knew or should have known existed and that defendants breached the duty owed to plaintiff as a business invitee. Accordingly, this portion of the Complaint remains viable.

As to the ADA's application to the case, however, the question remains whether plaintiff can "borrow" the ADA regulations for use as evidence of the standard of care to prove negligence, as he now attempts.  There are no cases within the Third Circuit which have specifically allowed or disallowed a claim of negligence *per se* utilizing the ADA as the standard of care or have dealt with the issue of whether evidence of a violation of the ADA could be used as evidence in a negligence action.[2]  Defendants, however, rely on a persuasive case from the Southern District of Florida, White v. NCL America, Inc., 2006 WL 1042548 (S.D. Fla. 2006), in which the court held that the ADA was not designed to protect against personal injury and declined to impose a *per se* duty based upon the ADA.  The Court stated that "[b]ecause the ADA was not designed to protect those with disabilities from personal injuries, Plaintiff is unable to state a claim for negligence per se. Indeed, 42 U.S.C. § 12101(b) expressly states that the purpose of the ADA is the elimination of discrimination against individuals with disabilities."  Noting that there was no mention of promoting safety or eliminating hazards in the Act, the Court held that "while protection from injury for the disabled is no doubt a fortunate by-product of the ADA, it is clear that the statute was not designed with that duty in mind."  Id.; see also James v. Peter Pan Transit Management Co., 1999 WL 735173 at *9 (E.D.N.C. Jan. 20,

---

[2]  In an effort to bolster his argument, plaintiff refers this Court to two cases from within the Third Circuit, both of which we deem inapposite.  First, he cites to Rollick v. Collins Pine, 975 F.2d 1009, 1013 (3d Cir. 1992), in which the court allowed evidence of an OSHA violation to be admitted after applying the Federal Rules of Evidence.  He asserts that the ADA regulations are as relevant to the standard of care in this case as the OSHA regulations were in Rollick.  The Court must disagree.  Unlike the ADA, OSHA is a public safety statute, which would naturally be relevant to the issue of a negligence claim and may even serve as the standard in a negligence *per se* claim.

The same holds true with regards to plaintiff's citation of Wayne v. Childcare Information Services of Erie County, 2006 WL 1699506 (W.D. Pa May 22, 2006).  In that case, the court, when ruling upon a motion to dismiss a negligence claim where injunctive relief was also being sought, found that plaintiff's claims survived a motion to dismiss because he had alleged a common law negligence claim involving a duty "either under the ADA and/or as a business invitee."  Unlike the instant case, however, that case also involved a claim for injunctive relief under the ADA.  At no point did the court specifically rule upon admissibility of the ADA in proving a common law negligence claim or negligence *per se*, but simply found that plaintiff's claims survived a motion to dismiss.

1999), (considering the purpose of the ADA and holding that "it is unlikely that the North Carolina courts would find that the ADA is a safety statute or that violation of the ADA constitutes negligence per se."). [3]

Likewise, in this case, the Court finds that the ADA has no relevance. While evidence that a condition was in violation of a safety statute is relevant in proving whether such a duty was breached, evidence of an alleged violation of the ADA, a statute intended to prevent discrimination, may not be relevant in proving whether defendants violated the duty owed to plaintiff as a business invitee. The ADA has no bearing on whether there was a dangerous condition on the property of which defendants knew or should have known.

Furthermore, even if such evidence were relevant, it would be both confusing and prejudicial. The Federal Rules of Evidence require that evidence must be relevant to be admissible. Fed. R. Evid. 402. The Rules define relevant evidence as "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Fed. R. Evid. 401. Nonetheless, even if the evidence is relevant, Rule 403 provides that a court may exclude the evidence if its probative value is substantially outweighed by the danger of unfair prejudice. Fed. R. Evid. 403; United States v. Long, 574 F.2d 761, 767 (3d Cir.), cert. denied , 439 U.S. 985 (1978). In this case, while evidence of an ADA violation would serve little if any purpose in proving whether a defendant breached the duty owed to a business invitee, it would most

---

[3] Plaintiff attempts to argue that the holding in White supports his claim that the ADA should be permitted to prove negligence since he has alleged an independent claim of negligence based upon the duty owed to plaintiff as a business invitee. We must disagree. The court, in White, concluded that in order to bring an action in this context a plaintiff must allege an independent common law duty, as plaintiff has done in this case. It did not hold that once a plaintiff has done so, the ADA would serve as the standard or as evidence of the standard of care.

certainly confuse and/or prejudice the jury. As defendant's counsel argued, it would be difficult for a jury to apply the appropriate standard once it is informed of the ADA regulations.

In sum, the Court agrees with defendants that there seems to be little difference in bringing a claim of negligence *per se* utilizing the standard of care, which plaintiff now concedes is not appropriate, and allowing the alleged violations of the ADA to serve as evidence of the standard. Both seem to allow for recovery of damages for personal injuries for violations of the ADA, which are specifically not permitted under the ADA itself. Furthermore, since the negligence alleged in the complaint is a breach of the duty of care owed to a business invitee, a standard of care recognized by law, we must agree with defendants that there is no need to "borrow" a standard from the ADA regulations. Accordingly, while the common law negligence claims survive these motions, the motions are granted to the extent that plaintiff may not "borrow" the standard of care from the ADA regulations.

An appropriate Order follows.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MORRIS LEVIN and | : | NO. 2:06-cv-605-CBS |
| PHYLLIS LEVIN, | : | |
|     Plaintiffs | : | |
| | : | |
| VS. | : | |
| | : | |
| DOLLAR TREE STORES, INC., | : | |
| FEDERAL REALTY INVESTMENT TRUST, | : | |
| DOLLAR TREE STORES, INC., | : | |
|     Defendants | : | |

O R D E R

AND NOW, this 6th day of December, 2006, upon consideration of Defendant Dollar Tree Stores, Inc. and Defendant Federal Realty Investment's Motions for Judgment on the Pleadings and Plaintiff's Responses thereto, it is hereby ORDERED that the Motions are DENIED to the extent that Plaintiff has alleged common law negligence claims against the Defendants. However, the Motions are GRANTED to the extent that plaintiff is precluded from asserting a claim of negligence per se utilizing the Americans with Disabilities Act ("the ADA") as the standard of care and/or from borrowing the standard of care from the ADA.

It is so ORDERED.

BY THE COURT:

/s/ Charles B. Smith
CHARLES B. SMITH
CHIEF UNITED STATES MAGISTRATE JUDGE

12/6/2006 Copy via fax to:
Joseph Strampello, Esquire (215-563-4074)
Carol Ann Murphy, Esquire (215-922-1772)
Maureen Rowan, Esquire (215-732-8999)